IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DESIREE MESZ and | ) | |
| | ) | |
| G.M., a minor, by and through | ) | |
| her Next Friend Desiree Mesz, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-609 |
| | ) | |
| HILLSBORO R-3 SCHOOL DISTRICT, | ) | JURY TRIAL DEMANDED |
| | ) | |
| and | ) | |
| | ) | |
| KEVIN C. ROBERTS, DEBRA CROSS- | ) | |
| POLITTE, EDWARD J. KRISKA, | ) | |
| KEITH WOODLAND, and TONY A. | ) | |
| KOENIG, in their individual capacities | ) | |
| as former members of the Hillsboro | ) | |
| R-3 School District School Board, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RANDY HARGIS, SR., CHARLES "BO" | ) | |
| HARRISON, and BETH ANN | ) | |
| JOHNSTON, individually and in their | ) | |
| official capacities as members of the | ) | |
| Hillsboro R-3 School District School Board, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PAUL MAYNARD, JO ELLEN | ) | |
| STRINGER, JIM SUCHARSKI, DARLA | ) | |
| STATLER, and GEORGE ENGLEBACH, | ) | |
| in their official capacities as members of the | ) | |
| Hillsboro R-3 School District School Board, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BEVERLY SCHONHOFF, individually | ) | |
| and in her official capacity as the | ) | |
| Superintendent of the Hillsboro R-3 | ) | |
| School District, | ) | |

THOMAS MUZZEY, individually and in                )
his official capacity as Assistant                )
Superintendent of the Hillsboro R-3               )
School District                                   )
                                                  )
and                                               )
                                                  )
JOHN BYRNE, in his individual capacity            )
as the Former Director of Transportation          )
for the Hillsboro R-3 School District,            )
                                                  )
and                                               )
                                                  )
KARREN DAVIS, in her individual                   )
capacity as the former Driver Supervisor/         )
Trainer for the Hillsboro R-3 School              )
District,                                         )
                                                  )
and                                               )
                                                  )
STEVEN DENBOW, in his individual                  )
capacity as a former bus driver for the           )
Hillsboro R-3 School District,                    )
                                                  )
       Defendants.                            )

## COMPLAINT

## PARTIES AND JURISDICTION

1.      Plaintiff Desiree Mesz (hereinafter "Mesz") was at all times relevant herein a

resident of Jefferson County, Missouri but is currently a resident of Franklin County, Missouri in

the Eastern Division of the Eastern District of Missouri.  At all times relevant herein Mesz was

employed as a school bus driver for Defendant Hillsboro R-3 School District.

2.      Plaintiff G.M., a minor, was at all times relevant herein a resident of Jefferson

County, Missouri but is currently a resident of Franklin County, Missouri in the Eastern Division

of the Eastern District of Missouri.  G.M. is the natural child of Plaintiff Desiree Mesz.  At all

times relevant herein, G.M. was a student attending elementary school in the Hillsboro R-3

School District.

3.     Defendant Hillsboro R-3 School District (hereinafter "District"), is a public

school district organized and existing under the laws of the State of Missouri and more

specifically Chapter 162 R.S. Mo. and located in Jefferson County, Missouri in the Eastern

Division of the Eastern District of Missouri.

4.     Defendants Kevin C. Roberts, Debra Cross-Politte, Edward J. Kriska, Keith

Woodland, and Tony A. Koenig were all members of the District's School Board at the time of

the acts alleged in this Complaint.  Upon information and belief, they are all residents of

Jefferson County, Missouri in the Eastern Division of the Eastern District of Missouri.  They are

sued in their individual capacities only.

5.     Defendants Randy Hargis, Sr., Charles "Bo" Harrison, and Beth Ann Johnston

were at the time of the acts alleged herein and are presently members of the District's School

Board.  Upon information and belief, they are all residents of Jefferson County, Missouri in the

Eastern Division of the Eastern District of Missouri.  They are sued in both their individual and

official capacities.

6.     Defendants Paul Maynard, Jo Ellen Stringer, Jim Sucharski, Darla Statler, and

George Englebach are currently members of the District's School Board.  Upon information and

belief, they are all residents of Jefferson County, Missouri in the Eastern Division of the Eastern

District of Missouri.  They are sued in their official capacities only.

7.     Defendant Beverly Schonhoff (hereinafter "Schonhoff") was at all times relevant

herein and is currently the superintendent of the District.  Upon information and belief, she is a

resident of Jefferson County in the Eastern Division of the Eastern District of Missouri.  She is

sued in both her individual and official capacities.

8.     Defendant Thomas Muzzey (hereinafter "Muzzey") was at all times relevant herein and is currently an assistant superintendent of the District.  Upon information and belief, he is a resident of Jefferson County in the Eastern Division of the Eastern District of Missouri.  He is sued in both his individual and official capacities.

9.     Defendant John Byrne (hereinafter "Byrne") was at all times relevant herein the Director of Transportation for the District.  Upon information and belief, he is a resident of Jefferson County in the Eastern Division of the Eastern District of Missouri.  He is sued in his individual capacity.

10.     Defendant Karren Davis (hereinafter "Davis") was at all times relevant herein the Driver Supervisor/ Trainer for the District.  Upon information and belief, she is a resident of Jefferson County in the Eastern Division of the Eastern District of Missouri.  She is sued in her individual capacity.

11.     Defendant Steven Denbow (hereinafter "Denbow") was at all time relevant herein an employee of the Hillsboro R-3 School District employed as a bus driver.  Upon information and belief, he is a resident of Jefferson County, Missouri in the Eastern Division of the Eastern District of Missouri.  He is sued in his individual capacity.

12.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the First, Fifth, and Fourteenth Amendments to the United States Constitution, as well as Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*.  This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.  Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events complained of herein occurred in this District.

14.     Plaintiffs demand a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## FACTS COMMON TO ALL COUNTS

15.     Plaintiff Mesz was hired by the District as a substitute school bus driver on or about September 6, 2007 and began working for the District on or about September 10, 2007.  She faithfully performed her duties until her wrongful termination by Defendants on or about April 7, 2008.

16.     As a substitute bus driver with the District, Mesz' duties required her to call in to the Transportation Department each day to inquire whether she was needed to drive a particular bus route or routes on that day.  At all times relevant herein substitute drivers were required to become familiar with many routes because they could be asked to drive a variety of routes when they called in to inquire if a route was available.

17.     At all times relevant herein it was the custom and practice of the District's Transportation Department that substitute drivers drive a route with the regular driver to become familiar with it.

18.     At all times relevant herein it was the policy of the District to allow the children of Hillsboro bus drivers to ride with their parents on their bus routes.  See Hillsboro School District Transportation Department Handbook (hereinafter "Handbook"), pages 11-12 attached hereto and incorporated by reference as Exhibit 1.

19.     Additionally, at all times relevant herein the District had a "hands-off" policy that purportedly prohibited district employees, to include school bus drivers, from having any physical contact with students.  However, upon information and belief, the Defendants knew that Denbow was touching students before his sexual assault on G.M. in violation of the District's "hands-off" policy.

20.     At all times relevant herein the District's "hands-off" policy was supposed to be a zero tolerance policy.

21.     On or about November 21, 2007, Mesz was driving the bus route assigned to Defendant Denbow.

22.     Consistent with the custom and practice of the Transportation Department, Denbow was riding along in the bus driven by Mesz because it was his normal route, and he was helping to familiarize her with it before she drove it alone.

23.     Plaintiff G.M. was also riding on the bus driven by Mesz consistent with the policy of the District to allow children of bus drivers to ride with their parents on District school buses.

24.     While riding on the bus, Denbow engaged in the following inappropriate behaviors toward G.M.:

        a.      Denbow pulled G.M. over into a seat with him, lifted her by placing his hand on her buttocks and placed her in his lap.

        b.      When G.M. struggled to get away from Denbow, he restrained her by pulling her closer to him and stating words to the effect of, "Don't worry, I'll make you comfortable." and, "Hold on, we're almost there, baby."

        c.      Denbow touched G.M. in an unlawful and sexual manner to include but not necessarily being limited to touching G.M.'s chest and kissing her on the head and face.

        d.      Denbow restrained G.M. when she attempted to escape his grasp and contact.

25.     Mesz was unaware of what was occurring due to her concentration on safely

6

driving the bus and Denbow's  concealment of his actions, and therefore, was unable to intervene in the sexual assault upon her daughter.

26.     After Mesz, G.M., and Denbow returned to the bus garage and left the bus, Denbow tried to give G.M. a package of M&M's candies and stated, "I got these for my special girl."

27.     After Denbow left, G.M. reported his actions to her mother, Mesz.

28.     Mesz reported the November 21, 2007 sexual assault upon her daughter by Denbow to the both the Jefferson County Sheriff's Department and Missouri Department of Social Services.

29.     During the Social Services investigation, Denbow admitted that several children sat on his lap or knee while his bus was parked and that he gave hugs to 90% of the children on his bus.  Denbow further admitted that he knew this touching was against District policies.

30.     Upon information and belief, the Defendants knew that Denbow had touched other students in violation of District policy because this touching occurred on District property in the presence of District employees and/or administrators and/or one or more incidents of Denbow touching students and/or sitting them in his lap had been reported to District officials. Upon information and belief, District officials were also aware that Denbow had grabbed another child on the buttocks before he sexually assaulted G.M.  Upon information and belief, despite the Defendants knowledge that Denbow had violated the District's "hands-off" policy, no corrective action was taken.

31.     Upon information and belief, other male drivers were also permitted to touch students on the school parking lot in violation of the District's purported "no-touch" policy.

32.     On May 24, 2010, Denbow entered a plea of guilty to child molestation in the

second degree and received a suspended execution of sentence, requiring him to register as a sex offender as a result of the incidents alleged herein.

33.     Prior to her termination but after reporting the sexual assault on her daughter by Denbow, Mesz endured an ongoing pattern of harassment and a hostile work environment at the hands of the Defendants.  Specifically:

a.     Byrne placed Mesz and G.M. on buses with employees who were known by Byrne to be friends of Denbow, subjecting them to harassment and hostility by Denbow's friends.

b.     On or about December 21, 2007, after one such incident, Byrne called Mesz to a meeting in Byrne's office, where Byrne blamed Mesz for the harassment inflicted on her by other Transportation Department employees because of her report of Denbow's misconduct.

c.     At that same meeting, Byrne threatened to and did separate Mesz from G.M. by refusing to assign G.M. to Mesz' bus despite the District's policy of allowing drivers to have their children with them on the buses they drive.

d.     At that same meeting, Byrne accused Mesz of failing to protect her daughter from Denbow's inappropriate touching  during the November 21, 2007 incident.

34.     After Denbow's sexual assault on G.M., Mesz also was denied work shifts and the opportunity for promotion to a regular bus driver with a permanent route as a result of the District's alteration of the seniority system as set forth below.

35.     Prior to February 4, 2008, priority for shift assignments and promotion from substitute driver to regular driver with a permanent route in the Transportation Department  was determined by various seniority methods including the first day of training, the first day assigned

8

to a permanent route, or the date of approval of the hire by the School Board.

36.     On or about February 4, 2008, Defendants Byrne and Muzzey altered the policy for determining seniority to one based on the first day a wage had been paid, with an employee's Social Security number breaking a tie between two employees first paid on the same date.  See Hillsboro School District Transportation Department Memo dated February 4, 2008 attached hereto and incorporated by reference as Exhibit 2.

37.     Thereafter, Byrne falsified Mesz' first date of wage paid, entering it as September 27, 2007 when, in fact, Mesz was first paid a wage for her work on September 10, 2007.

38.     Additionally, Byrne listed the last four digits of Mesz' telephone number instead of the last four digits of her Social Security number as the "tie-breaker" for shift priority and promotion.

39.     When Mesz pointed out the incorrect ranking of her seniority according to the February 4, 2008 memo, the mistakes were not properly corrected to prevent Mesz from having the seniority that would permit her to become a full-time driver with the District.  Instead, Mesz was placed further down on the seniority list.  See Hillsboro School District Transportation Department Memo dated February 5, 2008 attached hereto and incorporated by reference as Exhibit 3.

40.     As a result of Byrne's manipulation of the seniority ranking of bus drivers in the Transportation Department, Mesz was denied work shifts because other drivers were given priority over her even though she was the most senior substitute bus driver based upon the date of her first wage.

41.     Additionally, the number of shifts Mesz was asked to work was reduced between

9

the November 21, 2007 sexual assault on her daughter and the February 4, 2008 changes to the seniority system.

42.     Mesz was also denied a permanent route, which under the District's seniority system she would have been next in line for at the time the District's seniority policy was changed.

43.     On or about April 7, 2008, Mesz was terminated by the Defendants.

44.     Mesz was terminated in violation of District policy, which provides that before support staff, to include bus drivers, are terminated, they must be notified in writing of the charges and the action to be taken, and shall be given the opportunity to discuss or rebut the charges.  This notice of charges further triggers appeal rights to the Board.  See Exhibit 1, p. 33.

45.     The acts of the Defendants herein were committed under color of state law.

46.     The acts of the Defendants herein were not carried out in conformity with federal, state, local law, and/or the rules and/or regulations of the District.

47.     The harm at issue herein was caused by willful and/or criminal misconduct, gross negligence, reckless misconduct, and/or a conscious and flagrant indifference to the rights and/or safety of Plaintiffs.

48.     The actions of the Defendants as set forth herein and the stress and distress that resulted to Plaintiffs therefrom caused Plaintiffs to move out of Jefferson County, Missouri and relocate to Franklin County, Missouri.

49.     Upon information and belief the District maintains a policy or policies of insurance with respect to tort claims filed against it and/or its employees based upon the wrongful acts of its officials and/or employees, and therefore, to the extent that the District and/or its officers and/or employees may attempt to assert the defense of sovereign immunity

with respect to any common law tort claim set forth below, it has waived such defense under the provisions of §537.610 R.S.Mo. by maintaining a policy of insurance.

## PLAINTIFF DESIREE MESZ' CLAIMS

### COUNT I
### 42 U.S.C. SECTION 1983 VIOLATION OF FIRST AMENDMENT RIGHT TO FREE SPEECH

For Count I of Plaintiff Mesz' cause of action against all Defendants, except Defendant Denbow, she states as follows:

50.     Plaintiff Mesz incorporates by reference as if fully set forth herein paragraphs 1 through 49 of this Complaint.

51.     Mesz was terminated by the Defendants as set forth herein and/or the Defendants demonstrated deliberate indifference to or tacitly authorized the constitutional violation alleged herein after notice and failed to take sufficient remedial action, so that their failure to act proximately caused Mesz' constitutional injury alleged herein.

52.     Mesz' speech, and more specifically, her private expression as a parent to the Jefferson County Sheriff's Department that her daughter had been sexually assaulted by Denbow was a motivating factor and/or played a part in the Defendants' decision to discharge her.

53.     Mesz' speech set forth in paragraph 52 above constituted speech regarding a matter of public concern, that a District employee had sexually abused a minor child.

54.     Mesz' constitutionally protected interest in free speech regarding a matter of public concern outweighed any interests Defendants might have in preventing such speech.

55.     Mesz' protected speech made at a reasonable time and in a reasonable manner did not render the District's operations inefficient, and her speech did not disrupt District operations in any way.

11

56. Mesz' termination qualifies as an adverse employment action authorized and approved by the Defendants acting under color of state law.

57. Mesz' termination by Defendants under color of state law violates her rights secured by the First Amendment to the United States Constitution.

58. As a direct and proximate result of Mesz' termination by Defendants for exercising her First Amendment right to free speech, Mesz has suffered and will continue to suffer lost wages and other benefits of employment, emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress and loss of reputation.

59. The conduct of the Defendants as set forth herein was wanton, willful, and showed a reckless indifference to Mesz' constitutional rights as set forth above making an award of punitive damages appropriate to deter Defendants and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff Mesz prays this Court to enter judgment in her favor and against the Defendants named herein and thereafter order those Defendants to make Plaintiff whole for any and all loses or damages she has suffered and will suffer including lost wages and other benefits of employment; award damages to Plaintiff for her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation; award Plaintiff punitive damages against the individual Defendants named herein in their individual capacities  in such sum as this court believes will serve to punish them and to deter them and others from like conduct; award Plaintiff the costs of this action, together with her reasonable attorneys' fees; and grant such other and further relief as may appear to the Court to be equitable and just under the circumstances.

12

## COUNT II
## 42 U.S.C. SECTION 1983 VIOLATION OF PLAINTIFF'S
## SUBSTANTIVE DUE PROCESS RIGHTS

In the alternative to but without waiver of County I of this Complaint, for Count II of

Plaintiff Mesz' cause of action against all Defendants, except Defendant Denbow, Plaintiff states

as  follows:

60.     Plaintiff incorporates by reference as if fully set forth herein, paragraphs 1

through 59 of this Complaint.

61.     The right to engage in the common occupations of life free from arbitrary

governmental interference and the right to direct the education and raising of a child are

constitutionally protected liberty interests.

62.     Defendants' conduct as stated herein was so outrageous that it shocks the

conscience, was arbitrary and capricious, offended judicial notions of fairness and was otherwise

offensive to human dignity in that:

   a.     Mesz was fired not because of her job performance but because after her

daughter was sexually abused on the school bus by Denbow, she reported this misconduct

to the Jefferson County Sheriff's Department and the Missouri Department of Social

Services.

   b.     Mesz was subjected to a hostile work environment, deprived of work, and

denied the benefits of the seniority to which she was entitled after she reported the sexual

assault on her daughter by Denbow.

63.     Mesz' liberty interests in the common occupations of life and/or to direct the

education and raising of her child were interfered with by the Defendants' actions set forth

above, which actions were patently arbitrary and capricious.

64.     As a result of the conduct alleged herein, Mesz' substantive due process rights secured by the Fifth and Fourteenth Amendments to the United States Constitution were violated, providing her a right of action pursuant 42 U.S.C. §1983.

65.     Mesz was terminated because she reported the sexual assault on her daughter by another District employee, which conduct did not interfere with her job duties and/or the performance of her duties as a District bus driver.  Mesz' liberty interests in engaging in the common occupations of life and/or to direct the education and raising of her child outweighed any interests the Defendants had in terminating her employment.

66.     Defendants conduct as set forth herein was arbitrary and capricious, unjustified and intended to cause injury to Mesz.

67.     Mesz' termination was an adverse employment action which Defendants took under color of state law.

68.     As a direct and proximate result of the violation of Mesz' substantive due process rights as alleged herein, Mesz has suffered and will continue to suffer lost wages and other benefits of her employment, emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation.

69.     The conduct of the individual Defendants in their individual capacities as alleged herein was reckless and callously indifferent to the Constitutional rights of Mesz, malicious and wanton with respect to those rights, and an award of punitive damages is warranted and necessary to punish them and to deter them and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff Mesz prays this Court to enter judgment in her favor and against the Defendants named herein and thereafter order those Defendants to make Plaintiff whole for

any and all loses or damages she has suffered including lost wages and other benefits of

employment; award damages to Plaintiff for her emotional pain and suffering, mental anguish,

inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of

professional reputation; award Plaintiff punitive damages against the individual Defendants

named herein in their individual capacities  in such sum as this court believes will serve to

punish them and to deter them and others from like conduct; award Plaintiff the costs of this

action, together with her reasonable attorneys' fees; and grant such other and further relief as

may appear to the Court to be equitable and just under the circumstances.

**COUNT III**
**FAILURE TO INSTRUCT, TRAIN, SUPERVISE, CONTROL,**
**AND/OR DISCIPLINE COGNIZABLE UNDER 42 U.S.C. §1983**

For Count III of Plaintiff Mesz' cause of action against Defendants District, Board, and

Schonhoff, Plaintiff states:

70.     Plaintiffs incorporate by reference each and every allegation and

averment contained in paragraphs 1 through 69 of this Complaint as though fully set forth

herein against the District, Board, and Schonhoff.

71.     If the Board and Schonhoff did not personally participate in the termination of

Mesz, Defendants Muzzey, Byrne, and Davis violated the constitutional rights of Mesz by firing

her.

72.     There exists within the District  policies or customs, practices and usages that are

so pervasive that they constitute the policies of these Defendants, that caused the constitutional

deprivations of Mesz as set forth herein.  The policies, customs, practices, and usages that

exist are:

a.     To allow District employees to touch children in violation of the District's

15

purported "no touch" policy;

b. To ignore the policies and procedures of the District and permit employees of the District to touch children;

c. To retaliate against District employees who report inappropriate touching by other District employees;

d. To engage in a course of conduct designed to cover-up and insulate employees from sanctions, civil, criminal, and/or from the District, both by commission and omission; and

e. To fail to adequately train, supervise, control and/or discipline employees of the District concerning the practices aforedescribed to assure compliance with the District's purported policies, state and federal laws, and the Constitution of the United States.

73. Defendants were on notice that their training, control, supervision, and/or discipline were inadequate and likely to result in constitutional violations.

74. Defendants' training, control, supervision, and discipline failures were so likely to result in a violation of constitutional rights that the need for such training, control, supervision and discipline was patently obvious.

75. Alternatively and without waiver of the foregoing, upon information and belief, a pattern of misconduct indicates that the Defendants' responses to regularly recurring situations were insufficient to protect the constitutional rights of employees, like Mesz.

76. Defendants' training, control, supervision, and discipline failures amounted to a deliberate indifference to the constitutional rights of Mesz.

77. The Defendants are (or were) vested with the duty, power and authority to train,

16

supervise, discipline and otherwise control the employees of the District.  The Board members have failed in their duty to so train, supervise and discipline Schonhoff, Muzzey, Byrne, and/or Davis generally and specifically so as to conform their conduct with constitutional and/or federal statutory requirements.  Schonhoff has failed in her duty to train, supervise and discipline Muzzey, Byrne, and/or Davis generally and specifically so as to conform their conduct with constitutional and/or federal statutory requirements.  Specifically, these Defendants have failed to adequately train, supervise, control, and/or discipline employees of the District for unconstitutional retaliatory terminations; failed to train, supervise, control, and/or discipline employees with regard to the duty to intervene and/or report transgressions, and to truthfully respond to inquiries.  The supervisory Defendants named herein have effectively abrogated the power to so train, supervise, discipline and/or control employees of the District.

78.     Defendant Board members and/or Schonhoff were at all times relevant herein the officials of the District with final policymaking authority and/or the authority to train, supervise, control, and/or discipline District employees.

79.     The failures of these Defendants as alleged herein caused the constitutional deprivations that were suffered by Mesz as set forth in Counts I and II.

80.     The acts of the Defendants as set forth herein were taken under color of state law.

81.     As a direct and proximate result of the acts alleged herein, Mesz has suffereded and will continue to suffer lost wages and other benefits of her employment, emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation.

82.     The conduct of the individual Defendants in their individual capacities as alleged herein was reckless and callously indifferent to the constitutional rights of Mesz, malicious and

17

wanton with respect to those rights, making an award of punitive damages warranted and necessary to punish them and to deter them and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff Mesz prays this Court to enter judgment in her favor and against the Defendants named herein and thereafter order those Defendants to make Plaintiff whole for any and all loses or damages she has suffered or will suffer including lost wages and other benefits of employment; award damages to Plaintiff for her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation; award Plaintiff punitive damages against the individual Defendants named herein in their individual capacities  in such sum as this court believes will serve to punish them and to deter them and others from like conduct; award Plaintiff the costs of this action, together with her reasonable attorneys' fees; and grant such other and further relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT IV
## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY:  WHISTLEBLOWING CLAIM

In the alternative to, but without waiver of Counts I through III, for Count IV of Plaintiff Mesz' cause of action against all Defendants, except Defendant Denbow, Plaintiff Mesz states as follows:

83.     Plaintiff restates and incorporates by reference each and every allegation in paragraphs 1 through 82 of her Complaint as if fully set forth herein.

84.     Mesz performed her duties as a substitute school bus driver and duly performed her duties under the terms and conditions of her employment with the District until her wrongful discharge on or about April 7, 2008.

18

85.     Mesz was discharged by the Defendants because she had reported to the Missouri Department of Social Services the sexual assault on her daughter by Denbow as set forth above.

86.     Mesz was discharged contrary to the public policy of the State of Missouri, particularly § 210.115 R.S.Mo., which mandates that school district employees, like her, report child sexual abuse to the Department of Social Services.  Additionally, Denbow's conduct violated § 566.068 R.S.Mo., which criminalizes child molestation.

87.     The Defendants discharged Mesz in violation of the public policy of the State of Missouri for blowing the whistle on the sexual abuse of G.M. by Denbow.

88.     Defendants were aware of Mesz' whistleblowing activity when they fired her as school bus driver for the District.

89.     Mesz' termination was in violation of Missouri public policy, which prohibits at-will employees from being terminated for blowing the whistle on acts that violate the public policy of the State, in this case, reporting the sexual abuse of a minor by a mandated reporter.

90.     The acts of the Defendants herein were not carried out in conformity with state law, and/or the rules and/or regulations of the District and/or the harm at issue herein was caused by willful misconduct, gross negligence, reckless misconduct, and/or a conscious and flagrant indifference to the rights of Mesz.

91.     As a direct and proximate result of her wrongful termination in violation of Missouri's public policy, Mesz has suffered and will continue to suffer lost wages and benefits of employment, emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress and loss of reputation.

92.     Defendants' conduct was outrageous because of their evil motive and reckless indifference to the rights of Mesz in wrongfully terminating her employment in retaliation for her

19

reporting the criminal misconduct of Denbow after he sexually assaulted her daughter, making an award of punitive damages appropriate in this case to deter Defendants and others from like conduct in the future.

WHEREFORE, Plaintiff Mesz prays this Court to enter judgment in her favor and against the Defendants named herein and thereafter order those Defendants to make Plaintiff whole for any and all loses or damages she has suffered or will suffer including lost wages and other benefits of employment; award damages to Plaintiff for her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation; award Plaintiff punitive damages against the individual Defendants named herein in their individual capacities  in such sum as this court believes will serve to punish them and to deter them and others from like conduct; award Plaintiff the costs of this action, together with her reasonable attorneys' fees; and grant such other and further  relief as may appear to the Court to be equitable and just under the circumstances.

### COUNT V
### WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY: ACTING IN A MANNER PUBLIC POLICY WOULD ENCOURAGE CLAIM

In the alternative to, but without waiver of Counts I through III, for Count V of Plaintiff Mesz' cause of action against all Defendants, except Defendant Denbow, Plaintiff states as follows:

93.     Plaintiff Mesz incorporates by reference as if fully set forth herein paragraphs 1 through 92 of this Complaint.

94.     As an employee at-will, Mesz could not be fired by the Defendants for acting in a manner the public policy of the state would encourage. Specifically, Missouri public policy not only encourages but requires school district employees, like Mesz, to report child sexual abuse to

20

the Department of Social Services by reason of § 210.115 R.S.Mo.

95.     As a direct and proximate result of her termination in violation of Missouri's public policy, Mesz has suffered and will continue to suffer lost wages and other benefits of employment and emotional pain, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

96.     The acts of the Defendants herein were not carried out in conformity with state law, and/or the rules and/or regulations of the District and/or the harm at issue herein was caused by willful misconduct, gross negligence, reckless misconduct, and/or a conscious and flagrant indifference to the rights of Mesz.

97.     Defendants' conduct was outrageous because of their evil motive and reckless indifference to the rights of Mesz in wrongfully terminating her employment for making a report she was required to make, making an award of punitive damages appropriate in this case to deter them and others from like conduct in the future.

WHEREFORE, Plaintiff Mesz prays this Court to enter judgment in her favor and against the Defendants named herein and thereafter order those Defendants to make Plaintiff whole for any and all loses or damages she has suffered or will suffer including lost wages and other benefits of employment; award damages to Plaintiff for her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation; award Plaintiff punitive damages against the individual Defendants named herein in their individual capacities  in such sum as this court believes will serve to punish them and to deter them and others from like conduct; award Plaintiff the costs of this action, together with her reasonable attorneys' fees; and grant such other and further relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT VI
## <u>NEGLIGENT SUPERVISION</u>

For Count VI of Plaintiff Mesz' cause of action against Defendants District, Board of Education, and/or Schonhoff, Plaintiff states as follows:

98.     Plaintiff incorporates by reference as if fully set forth herein each and every fact and allegation contained in paragraphs 1 through 97 set forth above.

99.     As an employee of the District, the Board of Education and the superintendent owed a duty of care to Mesz to protect her against unreasonable risks of harm.

100.     Defendant Board breached that duty in their failure to properly supervise and/or train employees of the District to include Schonhoff, Muzzey, Byrne, and Davis so as to prevent the harm to Mesz of being wrongfully discharged for reporting Denbow's sexual assault upon her daughter.  Similarly Schonhoff breached her duty in failing to properly supervise and/or train Muzzey, Bryne, and Davis so at to prevent the wrongful discharge of Mesz.

101.     Defendants breach of their duty to Mesz proximately caused her wrongful termination.

102.     As a direct and proximate result of the Defendants' conduct as set forth herein, Mesz has suffered and will continue to suffer lost wages and other benefits of employment, emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress and loss of reputation.

103.     As set forth above, the acts and/or omissions of the Defendants violated Missouri law and/or school policy and were grossly negligent, reckless, and/or showed a conscious and flagrant indifference to the rights of Mesz.

104.     At the time of the acts complained of herein, Defendants knew or had reason to know that there was a high degree of probability that their actions would result in injury to Mesz.

22

105.    Alternatively, and without waiver of the foregoing, Defendants knew or had reason to know that their actions as set forth herein would result in injury to Mesz  in that their actions were tantamount to intentional wrongdoing in that these Defendants knew or reasonably should have known that their actions would naturally and/or probably result in injury to Mesz, entitling her to an award of punitive damages.

WHEREFORE, Plaintiff Mesz prays this Court to enter judgment in her favor and against the Defendants named herein and thereafter order those Defendants to make Plaintiff whole for any and all loses or damages she has suffered and will suffer including lost wages and other benefits of employment; award damages to Plaintiff for her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation; award Plaintiff punitive damages against the individual Defendants named herein in their individual capacities  in such sum as this court believes will serve to punish them and to deter them and others from like conduct; award Plaintiff the costs of this action, together with her reasonable attorneys' fees; and grant such other and further relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT VII
## INTENTIONAL FAILURE TO SUPERVISE

For Count VII of Plaintiff Mesz' cause of action against Defendants District, Board, and Schonhoff, Plaintiff states as follows:

106.    Plaintiff incorporates by reference as if fully set forth herein each and every fact and allegation contained in paragraphs 1 through 105 set forth above.

107.    A supervisor subordinate relationship existed between the Board and Schonhoff, Muzzey, Byrne, and Davis and Schonhoff and Muzzey, Byrne, and Davis.

108.    Upon information and belief, because of Schonhoff, Muzzey, Byrne, and/or Davis' past conduct, Defendants knew that harm was certain or substantially certain to result to Mesz in that she would be retaliated against by her discharge for reporting the sexual assault on her daughter.

109.    Defendants disregarded this known risk.

110.    Defendants inaction caused damage to Mesz in that such inaction allowed the wrongful discharge of Mesz to occur.

111.    At all times relevant herein Schonhoff, Muzzey, Byrne, and Davis were acting as servants of the District

112.    As a direct and proximate result of the Defendants' conduct as set forth herein, Mesz has suffered and will continue to suffer lost wages and other benefits of employment, emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress and loss of reputation.

113.    As set forth above, the acts and/or omissions of the Defendants were grossly negligent, reckless, and/or showed a conscious and flagrant indifference to the rights of Mesz.

114.    The individual Defendants conduct was outrageous because of their evil motives and reckless indifference to G.M.'s rights, and as a result, an award of punitive damages is warranted and necessary to punish and deter them from like conduct in the future.

WHEREFORE, Plaintiff Mesz prays this Court to enter judgment in her favor and against the Defendants named herein and thereafter order those Defendants to make Plaintiff whole for any and all loses or damages she has suffered including lost wages and other benefits of employment; award damages to Plaintiff for her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of

24

professional reputation; award Plaintiff punitive damages against the individual defendants named herein in their individual capacities in such sum as this court believes will serve to punish them and to deter them and others from like conduct; award Plaintiff the costs of this action, together with her reasonable attorneys' fees; and grant such other and further relief as may appear to the Court to be equitable and just under the circumstances.

## PLAINTIFF G.M.'S CLAIMS

### COUNT VIII
### TITLE IX CLAIM

For Count VIII of Plaintiff G.M.'s cause of action against all Defendants, Plaintiff states as follows:

115.    Plaintiff G.M. incorporates by reference paragraphs 1 through 114 above as if fully set forth herein.

116.    The District is a recipient of federal funding subjecting it to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*

117.    As set forth above, Denbow sexually assaulted G.M. on or about November 21, 2007.

118.    Upon information and belief Defendants, who had authority to institute corrective measures on the District's behalf, had actual notice of Denbow's violations of the District's hands-off policy by placing children on his lap and hugging and kissing them.  Additionally, upon information and belief, Defendants knew that Denbow had grabbed another child on the buttocks.

119.    Upon information and belief, Defendants were deliberately indifferent to this employee misconduct in that they did nothing to take corrective action.

120.    The Defendants deliberate indifference to Denbow's misconduct directed to other

25

children in the District resulted in Denbow's sexual assault of G.M. as set forth herein.

121.   As a direct and proximate result of the Defendants' deliberate indifference to Denbow's misconduct as set forth herein, resulting in the sexual assault of G.M., she has suffered and will continue to suffer emotional pain, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

122.   The conduct of the individual Defendants in their individual capacities as alleged herein was reckless and callously indifferent to the federal statutory rights of G.M, malicious and wanton with respect to those rights, making an award of punitive damages warranted and necessary to punish them and to deter them and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff G.M. prays this Court to enter judgment in her favor and against Defendants and thereafter order Defendants to make Plaintiff whole for any and all loses or damages she has suffered including her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress; award Plaintiff punitive damages against the individual Defendants in their individual capacities  in such sum as this court believes will serve to punish them and to deter them and others from like conduct; award Plaintiff the costs of this action, together with her reasonable attorneys' fees; and grant such other and further relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT IX
## <u>SUBSTANTIVE DUE PROCESS CLAIM</u>

For Count IX of Plaintiff G.M.'s cause of action against all Defendants, Plaintiff states as follows:

26

123. Plaintiff G.M. incorporates by reference paragraphs 1 through 122 above as if fully set forth herein.

124. Plaintiff, a minor, had and has a constitutionally protected liberty interest to be free from sexual abuse while attending a public school.

125. Denbow, acting under color of state law, violated G.M.'s constitutionally protected liberty interest when he sexually assaulted her.

126. All other Defendants, acting under color of state law and pursuant to the custom and/or practice of the District, failed to intervene to stop Denbow from touching children in violation of the District's "no-touch" policy when they knew that Denbow was engaging in such misconduct.

127. Additionally and without waiver of the foregoing, upon information and belief the individual Defendants received notice of a pattern of unconstitutional acts on the part of Denbow that put them on notice that he was engaging in acts of sexual misconduct.

128. As set forth above, the individual Defendants demonstrated deliberate indifference to or tacitly authorized the acts of Denbow to include the sexual assault upon G.M. by failing to take action that was necessary to prevent the abuse of G.M.

129. Defendants failed to take sufficient remedial action when they had actual knowledge of the acts of Denbow.

130. The Defendants' failure to act proximately caused the injury to G.M.

131. As a direct and proximate result of the Defendants' custom and practice and/or deliberate indifference to and/or tacit authorization o f Denbow's conduct resulting in the sexual assault of G.M., she has suffered and will continue to suffer emotional pain, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

132.     The conduct of the individual Defendants in their individual capacities as alleged herein was reckless and callously indifferent to the federal statutory rights of G.M, malicious and wanton with respect to those rights, making an award of punitive damages warranted and necessary to punish them and to deter them and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff G.M. prays this Court to enter judgment in her favor and against Defendants and thereafter order Defendants to make Plaintiff whole for any and all loses or damages she has suffered including her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress; award Plaintiff punitive damages against the individual Defendants in their individual capacities  in such sum as this court believes will serve to punish them and to deter them and others from like conduct; award Plaintiff the costs of this action, together with her reasonable attorneys' fees; and grant such other and further relief as may appear to the Court to be equitable and just under the circumstances.

**COUNT X**
**FAILURE TO INSTRUCT, TRAIN, SUPERVISE, CONTROL,**
**AND/OR DISCIPLINE COGNIZABLE UNDER 42 U.S.C. §1983**

For Count X of Plaintiff G.M.'s cause of action against all Defendants except Defendant Denbow, Plaintiff states:

133.     Plaintiff incorporates by reference each and every allegation and averment contained in paragraphs 1 through 132 of this Complaint as though fully set forth herein.

134.     Denbow violated the constitutional rights of G.M. by sexually assaulting her.

28

135.    There exists within the District  policies or customs, practices and usages that are so pervasive that they constitute the policies of these Defendants that caused the constitutional deprivations of G.M. as set forth herein.  The policies, customs, practices, and usages that exist are:

        a.    To allow District employees to touch children in violation of the District's purported "no touch" policy;

        b.    To ignore the policies and procedures of the District and permit employees of the District to touch children;

        c.    To retaliate against District employees who report inappropriate touching by other District employees;

        d.    To engage in a course of conduct designed to cover-up and insulate employees from sanctions, civil, criminal, and/or from the District, both by commission and omission; and

        e.    To fail to adequately train, supervise, control, and/or discipline employees of the District concerning the practices aforedescribed to assure compliance with the District's policies, state and federal laws, and the Constitution of the United States.

136.    Defendants were on notice that their training, supervision, control, and/or discipline were inadequate and likely to result in constitutional violations.

137.    Defendants' training, supervision, control, and/or discipline failures were so likely to result in a violation of constitutional rights that the need for such training, supervision, control, and/or discipline was patently obvious.

138.    Alternatively and without waiver of the foregoing, upon information and belief, a pattern of misconduct indicates that the Defendants' responses to regularly recurring situations

were insufficient to protect the constitutional rights of students like G.M.

139.    Defendants' training, supervision, control, and/or discipline failures amounted to a deliberate indifference to the constitutional and federal statutory rights of G.M.

140.    The Defendants are (or were) vested with the duty, power and authority to train, supervise, discipline and otherwise control the employees of the District.  The Board Defendants have failed in their duty to so train, supervise, control and/or discipline Denbow, Schonhoff, Muzzey, Byrne, and Davis generally and specifically so as to conform their conduct with constitutional and/or federal statutory requirements.  Defendants Schonhoff, Muzzey, Byrne, and Davis have failed in their duty to so train, supervise, control and/or discipline Denbow so as to conform his conduct with constitutional and/or federal statutory requirements.  Specifically, these Defendants have failed to adequately train, supervise, control, and/or discipline employees of the District for unconstitutional touching; failed to train, supervise and discipline employees with regard to the duty to intervene and/or report transgressions, and to truthfully respond to inquiries.  The supervisory Defendants named herein have effectively abrogated the power to so train, supervise, discipline and control employees of the District.

141.    Defendants Board and superintendent were at all times relevant herein the officials of the District with final policymaking authority.  All Defendant named herein had responsibility and authority to train, supervise, control, and/or discipline employees of the District.

142.    The failures of these Defendants as alleged herein caused the constitutional deprivations that were suffered by G.M. as set forth in Counts VIII, and IX.

143.    The acts of the Defendants as set forth herein were taken under color of state law.

144.    As a direct and proximate result of the acts and/or omissions of the Defendants as

alleged herein, resulting in the sexual assault of G.M. by Denbow, she has suffered and will continue to suffer emotional pain, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

145.    The conduct of the individual Defendants in their individual capacities as alleged herein was reckless and callously indifferent to the constitutional and federal statutory rights of G.M, malicious and wanton with respect to those rights, making an award of punitive damages warranted and necessary to punish them and to deter them and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff G.M. prays this Court to enter judgment in her favor and against the Defendants named herein and thereafter order those Defendants to make Plaintiff whole for any and all loses or damages she has suffered including her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress; award Plaintiff punitive damages against the individual Defendants named herein in their individual capacities  in such sum as this court believes will serve to punish them and to deter them and others from like conduct; award Plaintiff the costs of this action, together with her reasonable attorneys' fees; and grant such other and further relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT XI
## NEGLIGENCE

For Count XI of Plaintiff G.M.'s cause of action against all Defendants except Defendant Denbow, Plaintiff G.M. states as follows:

146.    Plaintiff incorporates by reference as if fully set forth herein each and every fact and allegation contained in paragraphs 1 through 145 set forth above.

147.    As a result of G.M.'s enrollment as a student in the District, Defendants owed a

duty of care to her to protect her from injury and to provide a safe and healthy learning environment.

148.    Alternatively, and without waiver of the foregoing, Denbow had previously conducted himself in a manner so as to indicate danger to children of the District and sufficient time existed to prevent the injury at issue herein.

149.    Alternatively, and without waiver of the foregoing, it was foreseeable that the acts and/or omissions of Defendants would cause harm or injury to students of the District, including but not necessarily limited to G.M.

150.    Defendants breached the duty of care they owed to G.M., resulting in Denbow's sexual assault upon her and injury to her.

151.    Defendants knew or through the exercise of reasonable care should have known that their conduct as set forth herein involved an unreasonable risk of causing injury to Plaintiff.

152.    As a direct and proximate result of the acts and/or omissions of Defendants as set forth herein, resulting in the sexual assault of G.M., she has suffered and will continue to suffer emotional pain, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

153.    As set forth above, the acts and/or omissions of the Defendants were grossly negligent, reckless, and/or showed a conscious and flagrant indifference to the rights and/or safety of G.M.

154.    At the time of the acts complained of herein, Defendants knew or had reason to know that there was a high degree of probability that their actions would result in injury to G.M, showing complete indifference to and/or a conscious disregard for her health and/or safety.

32

155.     Alternatively, and without waiver of the foregoing, Defendants knew or had reason to know that their actions as set forth herein would result in injury to G.M. in that their actions were tantamount to intentional wrongdoing in that these Defendants knew or reasonably should have known that their actions would naturally and/or probably result in injury to G.M., entitling her to an award of punitive damages.

WHEREFORE, Plaintiff G.M. prays this Court to enter judgment in her favor and against the Defendants named herein and thereafter order those Defendants to make Plaintiff whole for any and all loses or damages she has suffered including her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress; award Plaintiff punitive damages against the individual Defendants named herein in their individual capacities  in such sum as this court believes will serve to punish them and to deter them and others from like conduct; award Plaintiff the costs of this action, together with her reasonable attorneys' fees; and grant such other and further relief as may appear to the Court to be equitable and just under the circumstances.

**COUNT XII**
**<u>NEGLIGENT RETENTION</u>**

For Count XII of Plaintiff G.M.'s cause of action against all Defendants, except Defendant Denbow, Plaintiff G.M. states as follows:

156.     Plaintiff incorporates by reference as if fully set forth herein each and every fact and allegation contained in paragraphs 1 through 155 set forth above.

157.     Defendants knew or should have known of Denbow's dangerous proclivities.

158.     Denbow was retained in his employment despite Defendants' knowledge of his dangerous proclivities.

159.     The acts and/or omissions of Defendants were the proximate cause of the sexual

assault on G.M. by Denbow.

160.    Denbow's sexual assault on G.M. was consistent with his dangerous proclivities in repeatedly touching students in violation of the District's no touch policy and/or kissing students and touching at least one student on the buttocks.

161.    As a direct and proximate result of the Defendants' conduct as set forth herein, G.M. has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

162.    As set forth above, the acts and/or omissions of the Defendants were grossly negligent, reckless, and/or showed a conscious and flagrant indifference to the rights and/or safety of G.M.

163.    At the time of the acts complained of herein, Defendants knew or had reason to know that there was a high degree of probability that their actions would result in injury to G.M, showing complete indifference to and/or a conscious disregard for her health and/or safety.

164.    Alternatively, and without waiver of the foregoing, Defendants knew or had reason to know that their actions as set forth herein would result in injury to G.M. in that their actions were tantamount to intentional wrongdoing in that these Defendants knew or reasonably should have known that their actions would naturally and/or probably result in injury to G.M., entitling her to an award of punitive damages.

WHEREFORE, Plaintiff G.M. prays this Court to enter judgment in her favor and against the Defendants named herein and thereafter order those Defendants to make Plaintiff whole for any and all loses or damages she has suffered including her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress; award Plaintiff punitive damages against the individual Defendants named herein in their individual

34

capacities  in such sum as this court believes will serve to punish them and to deter them and others from like conduct; award Plaintiff the costs of this action, together with her reasonable attorneys' fees; and grant such other and further relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT XIII
## NEGLIGENT SUPERVISION

For Count XIII of Plaintiff G.M.'s cause of action against all Defendants except Defendant Denbow, Plaintiff G.M. state as follows:

165.    Plaintiff incorporates by reference as if fully set forth herein each and every fact and allegation contained in paragraphs 1 through 164 set forth above.

166.    As a student in the District, Defendants owed a duty of care to G.M. to protect her against unreasonable risks of harm.

167.    Defendants breached that duty in their failure to properly supervise and/or train Denbow and other employees of the District so as to prevent the harm to G.M.

168.    Defendants breach of their duty to G.M. proximately caused the sexual assault upon her by Denbow.

169.    As a direct and proximate result of the Defendants' conduct as set forth herein, G.M. has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

170.    As set forth above, the acts and/or omissions of the Defendants were grossly negligent, reckless, and/or showed a conscious and flagrant indifference to the rights and/or safety of G.M.

171.    At the time of the acts complained of herein, Defendants knew or had reason to know that there was a high degree of probability that their actions would result in injury to G.M,

showing complete indifference to and/or a conscious disregard for her health and/or safety.

172.    Alternatively, and without waiver of the foregoing, Defendants knew or had reason to know that their actions as set forth herein would result in injury to G.M. in that their actions were tantamount to intentional wrongdoing in that these Defendants knew or reasonably should have known that their actions would naturally and/or probably result in injury to G.M., entitling her to an award of punitive damages.

WHEREFORE, Plaintiff G.M. prays this Court to enter judgment in her favor and against the Defendants named herein and thereafter order those Defendants to make Plaintiff whole for any and all loses or damages she has suffered including her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress; award Plaintiff punitive damages against the individual Defendants named herein in their individual capacities  in such sum as this court believes will serve to punish them and to deter them and others from like conduct; award Plaintiff the costs of this action, together with her reasonable attorneys' fees; and grant such other and further relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT XIV
## INTENTIONAL FAILURE TO SUPERVISE

For Count XIV of Plaintiff G.M.'s cause of action against all Defendants except Defendant Denbow, Plaintiff G.M. state as follows:

173.    Plaintiff incorporates by reference as if fully set forth herein each and every fact and allegation contained in paragraphs 1 through 172 set forth above.

174.    A supervisor subordinate relationship existed between Defendants and Denbow.

175.    Because of Denbow's past conduct, Defendants knew that harm was certain or substantially certain to result.

176.    Defendants disregarded this known risk.

177.    Defendants inaction caused damage to G.M. in that such inaction allowed the sexual assault upon her by Denbow to occur.

178.    Denbow was on the bus of the District as a servant of the District

179.    As a direct and proximate result of the Defendants' conduct as set forth herein, G.M. has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

180.    As set forth above, the acts and/or omissions of the Defendants were grossly negligent, reckless, and/or showed a conscious and flagrant indifference to the rights and/or safety of G.M.

181.    The individual Defendants conduct was outrageous because of their evil motives and reckless indifference to G.M.'s rights, and as a result, an award of punitive damages is warranted and necessary to punish them and to deter them and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff G.M. prays this Court to enter judgment in her favor and against the Defendants named herein and thereafter order those Defendants to make Plaintiff whole for any and all loses or damages she has suffered including her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress; award Plaintiff punitive damages against the individual Defendants named herein in their individual capacities  in such sum as this court believes will serve to punish them and to deter them and others from like conduct; award Plaintiff the costs of this action, together with her reasonable attorneys' fees; and grant such other and further relief as may appear to the Court to be equitable and just under the

circumstances.

## COUNT XV
## SEXUAL ASSAULT AND BATTERY

For Count XV of Plaintiff G.M.s cause of action against Defendant Denbow, Plaintiff states as follows:

182.    Plaintiff restates and incorporates by reference each and every allegation in paragraphs 1 through 181 of the Complaint as if fully set forth herein.

183.    Denbow placed his hand on G.M.'s buttocks, touched her chest, and kissed her head and face, which conduct was harmful and/or offensive to G.M.

184.    As set forth above, Denbow pled guilty on May 24, 2010 to the charge of child molestation in the second degree based upon the events of November 21, 2007.

185.    As a direct and proximate result of the actions of Denbow as set forth herein, G.M. suffered injury and damages, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

186.    Denbow's actions set forth herein were not carried out in conformity with federal, state, local law, and/or the rules and/or regulations of the District, and/or the harm at issue herein was caused by willful and/or criminal misconduct, gross negligence, reckless misconduct, and/or a conscious and flagrant indifference to the rights and/or safety of G.M.

187.    Denbow's conduct was outrageous because of his evil motive and reckless indifference to G.M.'s rights, and as a result, an award of punitive damages is warranted and necessary to punish this Defendant and to deter him and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff G.M. prays this Court to enter judgment in her favor and against Defendant Denbow and thereafter order him to make Plaintiff whole for any and all loses or

damages she has suffered including her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress; award Plaintiff punitive damages against this Defendant in such sum as this court believes will serve to punish him and to deter him and others from like conduct; award Plaintiff the costs of this action, together with her reasonable attorneys' fees; and grant such other and further relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT XVI
## FALSE IMPRISONMENT

For Count XVI of Plaintiff G.M.'s  cause of action against Defendant Denbow, Plaintiff states as follows:

188.    Plaintiff restates and incorporates by reference each and every allegation in paragraphs 1 through 187 of her Complaint as if fully set forth herein.

189.    On or about November 21, 2007, Denbow intentionally detained and/or restrained G.M. against her will when he pulled her over into his seat and then held her against her will when she attempted to escape his grasp and contact.

190.    Denbow's restraint of G.M. was unlawful and used to commit a sexual assault upon her.

191.    As a direct and proximate result of Denbow's conduct as alleged herein, G.M. has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

192.    Denbow's actions set forth herein were not carried out in conformity with federal, state, local law, and/or the rules and/or regulations of the District, and/or the harm at issue herein was caused by willful and/or criminal misconduct, gross negligence, reckless misconduct, and/or a conscious and flagrant indifference to the rights and/or safety of G.M.

39

193.    Denbow's conduct was outrageous because of his evil motive and reckless indifference to G.M.'s rights, and as a result, an award of punitive damages is warranted and necessary to punish this Defendant and to deter him and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff G.M. prays this Court to enter judgment in her favor and against Defendant Denbow and thereafter order him to make Plaintiff whole for any and all loses or damages she has suffered including her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress; award Plaintiff punitive damages against this Defendant in such sum as this court believes will serve to punish him and to deter him and others from like conduct; award Plaintiff the costs of this action, together with her reasonable attorneys' fees; and grant such other and further relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT XVII
### *RESPONDEAT SUPERIOR* CLAIM FOR STATE LAW TORTS

For Count XVII of Plaintiff G.M.'s  cause of action against all Defendants except Denbow, Plaintiff G.M. states as follows:

194.    Plaintiff restates and incorporates by reference each and every allegation in paragraphs 1 through 193 of her Complaint as if fully set forth herein.

195.    An employer-employee and/or supervisor-subordinate relationship existed between Denbow and the Defendants on or about November 21, 2007 when G.M. was sexually assaulted by Denbow.

196.    The acts alleged herein committed be Denbow were taken within the course and scope of his employment with the District.

197.    As set forth above, Defendants were negligent in continuing to employ Denbow.

40

198.    Additionally, and without waiver of the foregoing, the Defendants conduct as set forth herein encouraged the acts of Denbow.

199.    As a direct and proximate result of the acts of Denbow as set forth in Counts XV through XVI above, for which these Defendants are responsible under the doctrine of *respondeat superior,* G.M. has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

200.    The individual Defendants conduct was outrageous because of their evil motives and reckless indifference to G.M.'s rights, and as a result, an award of punitive damages is warranted and necessary to punish them and to deter them and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff G.M. prays this Court to enter judgment in her favor and against the Defendants named herein and thereafter order those Defendants to make Plaintiff whole for any and all loses or damages she has suffered including her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress; award Plaintiff punitive damages against the individual Defendants named herein in their individual capacities  in such sum as this court believes will serve to punish them and to deter them and others from like conduct; award Plaintiff the costs of this action, together with her reasonable attorneys' fees; and grant such other and further relief as may appear to the Court to be equitable and just under the circumstances.

Respectfully submitted,

**PLEBAN & PETRUSKA LAW, LLC**


By:        /s/ Lynette M. Petruska
C. John Pleban, # 24190
Lynette M. Petruska, #41212
2010 South Big Bend Blvd.
St. Louis, MO  63117
Telephone:   (314) 645-6666
Facsimile:   (314) 645-7376

Attorneys for Plaintiffs